<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

     [NOT FOR PUBLICATION   NOT TO BE CITED AS PRECEDENT]
                                
                United States Court of Appeals
                    For the First Circuit

No. 98-1150

                     ANA SANCHEZ SEPULVEDA,

                     Plaintiff, Appellant,

                               v.

               MOTOROLA ELECTRONICA DE P.R., INC,

                      Defendant, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

      [Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

                             Before

                     Selya, Circuit Judge,
                Bownes, Senior Circuit Judge,
                  and Stahl, Circuit Judge.
                                
                                

    Jesus Hernandez Snchez and Alberto Acevedo Colom on brief for
appellant.
    Francisco Chvere, Angel M. Cuevas-Trisn, and McConnell
Valdes on brief for appellee.

September 21, 1998

                                
                               

 Per Curiam.  In the suit that underlies this appeal,
plaintiff-appellant Ana Snchez Seplveda (Snchez) sued her
quondam employer, Motorola Electrnica de P.R., Inc. (Motorola),
alleging that Motorola constructively discharged her in violation
of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A.  
621-634 (West Supp. 1998), and local law, specifically, P.R. Laws
Ann. tit. 29,  146 (1995) (Law 100).  After a period of pretrial
discovery, Motorola moved for summary judgment.  The district court
granted this motion and entered summary judgment for the defendant.  
See Snchez Seplveda v. Motorola Electrnica de P.R., Inc., 988 F.
Supp. 34 (D.P.R. 1997).  Snchez appeals.  Having determined that
oral argument would not advance the decisional process, we
summarily affirm.  See 1st Cir. R. 27.1.
    On whole-record review, we believe that this is a
suitable case in which to act upon our long-held belief that "when
a lower court produces a comprehensive, well-reasoned decision, an
appellate court should refrain from writing at length to no other
end than to hear its own words resonate."  Lawton v. State Mut.
Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); accordIn re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st
Cir. 1993).  Hence, we affirm the judgment for substantially the
reasons set forth in the opinion below.  We add only a small coda.
    In her brief, Snchez rehashes the evidence and invites
us to take a more expansive view of the facts than did Judge
Pieras.  We decline the invitation.  When summary judgment is at
stake, we, like the trial court, must scrutinize the record in the
light most favorable to the nonmoving party, "indulging all
reasonable inferences in that party's favor," Griggs-Ryan v. Smith,
904 F.2d 112, 115 (1st Cir. 1990) (emphasis supplied), but
disregarding unsupported allegations, unreasonable inferences, and
conclusory speculation.  See Smith v. F.W. Morse & Co., 76 F.3d
413, 428 (1st Cir. 1996); Medina-Muoz v. R.J. Reynolds Tobacco
Co., 896 F.2d 5, 8 (1st Cir. 1990).  If no genuine issue of
material fact percolates through the record, then summary judgment
is proper.  After all, the core purpose of summary judgment is "to
pierce the boilerplate of the pleadings" and appraise the proof to
determine whether a trial is needed.  Wynne v. Tufts Univ. Sch. of
Med., 976 F.2d 791, 794 (1st Cir. 1992).  Here, there is no warrant
to remit the case for trial.
    We will not dawdle.  Despite the liberality of the Fed.
R. Civ. P. 56 standard, the party opposing summary judgment is not
entitled to the benefit of every inference that she can imagine;
she only entitled to the benefit of reasonable inferences.  SeeNational Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st
Cir. 1995).  In this case, even assuming, arguendo, that Motorola
constructively discharged the appellant and that its reasons for
doing so were pretextual   both of which assumptions are
problematic   there is simply no significantly probative evidence
of any age-related animus.
    We need go no further.  Since such proof is an absolute
prerequisite to recovery in an age discrimination case, see, e.g.,
Mesnick v. General Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991);
Medina-Muoz, 896 F.2d at 9, the district court acted within its
proper office in granting the summary judgment motion.

    Affirmed.

</body>

</html>